OPINION BY
FITZGERALD, J.:
The Commonwealth appeals under Pa. R.A.P. 313 from an order precluding it from interviewing Appellee Jerome King’s trial counsel (“trial counsel”) ex parte in advance of a Post Conviction Relief Act (“PCRA”)[1] hearing. The- Commonwealth claims it has the right to interview trial counsel before the hearing because Appel-lee’s claim of ineffective assistance constitutes a waiver of the attorney-client and work-product privileges. We conclude that we have jurisdiction to decide this appeal under the collateral order doctrine embodied in Rule 313. We further hold that any privilege waiver is limited to issues relevant to Appellant’s ineffectiveness claim, and that the Commonwealth’s proposed ex parte interview with trial counsel risks disclosure of information outside the scope of this waiver. Thus, we affirm the PCRA court’s order as a proper exercise of its discretion to protect against disclosure of potentially privileged or confidential information.
Appellee was charged with murdering Nathaniel Giles in retaliation for providing incriminating information about Appellee to law enforcement officials. During trial, the Commonwealth introduced evidence that in July 2004, Giles admitted to a federal special agent that he, Giles, purchased a .45 caliber handgun for Appellee because Appellee could not pass the requisite background check. A member of Ap-pellee’s gang, known as “Lemon’s Squad,”[2] shot and killed a young child with the handgun. On February 5, 2005, Giles was standing outside a restaurant in North Philadelphia with Khalief , Alston, another member of Lemon’s Squad, when Appellee and co-defendant Esheem Has-kins ambushed Giles from behind. Appel-lee shot Giles in the head and back, killing him, and Appellee and Haskins fled the scene together. N.T., 6/16/06, at 217.
Two teenage patrons of the restaurant testified that - they saw Appellee shoot *143 Giles. Alston testified for the defense that the actual killer was another man,- Ernest Cannon.
On April 9, 2005, two police detectives were in the neighborhood where the crime took place, speaking with another member of Lemon’s Squad, when Appellee approached them and said in a joking manner: “Stop messing with' my man.” N;T. 6/20/06, at 174. Appellee was wearing a black t-shirt with a red stop sign on the front that said:, “Stop Snitching.” Id; at 175. One detective asked whether the shirt was a warning to people. Appellee “kind of smiled and said “Yes,’ ” and gestured to the top rear of his shirt, which displayed a tombstone bearing the acronym “R.I.P.” Id. The detective inquired: “ ‘Is that what happens to people who snitch on you?’ ” Id. Appellee again answered, “Yes.” Id. About twenty minutes later, the detectives returned to the same street corner and observed Haskins wearing an identical “Stop Snitching” t-shirt. Id. 178-89.
On May 6, 2005, the police arrested Ap-pellee and Haskins. On September 23, 2006, the jury found Appellee guilty of first degree murder, criminal conspiracy, violating the Uniform Firearms Act and possessing an instrument of crime.[3] The trial court sentenced Appellee to life plus twenty years’ imprisonment. Appellee filed a timely direct appeal, and on October 17, 2008, this Court affirmed his judgment of sentence. See Commonwealth v. King, 959 A.2d 405 (Pa. Super. 2008). Appellee did not petition our Supreme Court for allowance of appeal.
On October 9, 2009, Appellee filed a timely PCRA petition pro se, and the court appointed PCRA counsel. On June 10, 2010; before filing an amended petition, PCRA counsel wrote to trial counsel “to discuss the various claims [that Appellee] intends to raise in [his] amended PCRA petition to be filed in two weeks.” On June 14, 2010, having received no reply, PCRA counsel telephoned trial counsel, who allegedly stated: ‘You’re nuts if you think, I’m gonna help you.” On the same date, PCRA counsel wrote to trial counsel asking him to reconsider his position. In addition, PCRA counsel advised that as part of trial counsel’s continuing duty of loyalty to Ap-pellee, he should not “speak[] or shar[e] any information with [Commonwealth] .representatives,” See Appellee’s Motion To Preclude Commonwealth From Conducting Out-of-court Interview Of Trial Counsel In Advance Of Evidentiary Hearing (“Motion To Preclude”), 9/16/15 (attaching as exhibits communications between PCRA counsel and trial counsel); Appel-lee’s Motion For Leave To Exainine Trial Counsel With Leading Questions (“Motion To Examine”), 9/19/15, at 2 and Exhibits A-C (describing communications between PCRA counsel and trial counsel and attaching communications as exhibits).
On July 2, 2010, PCRA counsel filed an amended PCRA petition alleging, in part, that trial counsel was ineffective for failing to object to admission of a prior bad act and requesting a cautionary instruction. In a letter dated July 16, 2010, trial counsel wrote: “Be advised that I will not be cooperating with you in preparing the above matter. If there are further questions, contact the Philadelphia District Attorney’s office.” Motion To Preclude, Exhibit D.
The PCRA court issued a Pa.R.Crim,P. 907 notice. Appellee filed a supplemental amended PCRA petition raising, inter alia, an additional claim under Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963).
*144 On July 5, 2011, the PCRA court granted Appellee and Haskins a new trial on the ground that the Commonwealth violated Brady by failing to disclose a letter in which Alston blamed Cannon for the murder. On December 20, 2012, this Court reversed the PCRA court’s order in a published opinion, holding that the letter did not meet Brady’s materiality standard because it would not have been reasonably likely to change the outcome of trial. See Commonwealth v. Haskins, 60 A.3d 538, 551-52 (Pa. Super. 2012). On October 29, 2013, our Supreme Court denied Appel-lee’s petition for allowance of appeal.
The case returned to the PCRA court, which denied Appellee’s remaining claims on August 29, 2014 without holding an evidentiary hearing. On July 28, 2015, this Court affirmed in part but remanded for an evidentiary hearing on Appellee’s claim that trial counsel provided ineffective assistance by not requesting a limiting instruction as to “other acts” evidence. Commonwealth v. King, No. 2533 EDA 2014, 2015 WL 6114458 (Pa. Super. July 28, 2015) (unpublished memorandum).
On August 8, 2015, as the case neared an evidentiary hearing on Appellee’s claim of ineffective assistance, PCRA counsel wrote to trial counsel asking whether he had a strategic reason for not requesting a cautionary jury instruction concerning “other acts” evidence introduced during trial. Trial counsel did not respond. PCRA counsel left two messages on trial counsel’s answering machine asking him to respond to the August 8, 2015 letter. Once again, trial counsel did not respond. By letter dated August 28, 2015, PCRA counsel again asked trial counsel to respond to the August 8, 2015 letter. Yet again, trial counsel did not respond. See Motion To Preclude, at 2; Motion To Examine, at 2-3 & Exhibits E-F.
On September 16, 2015, Appellee filed the motion presently under review requesting that the District Attorney be precluded from interviewing trial counsel ex parte. Appellee argued that a preclusion order was necessary to prevent trial counsel from disclosing privileged or confidential information that Appellee shared with trial counsel during his representation. Later that day, the chief of the District Attorney’s PCRA unit sent the following email to PCRA counsel: “[The assistant district attorney assigned to the case] is out of the office. She has already contacted [trial counsel]. We will not honor your request — as we believe it is entirely misguided — absent an express judicial order.” Motion To Examine, Exhibit G.
On September 29, 2015, the Commonwealth filed a response to Appellee’s motion to preclude, arguing that it was standard practice for the District Attorney to prepare for PCRA hearings relating to trial counsel’s performance by interviewing trial counsel in private prior to the hearing.
On October 7, 2015, the PCRA court issued an order that provided in relevant part:
WHEREAS, trial counsel has a continuing duty to his former client notwithstanding that a claim of ineffective assistance of counsel has been filed; and, WHEREAS, trial counsel appears to have exhibited a total lack of cooperation or even communication with post-conviction counsel; and WHEREAS, the scope of the inquiry by the Commonwealth at an evidentiary hearing will be narrow, given the sole issue on remand from the Superior Court, and therefore efficiency in preparation for that hearing is not, in actuality[,] a factor in this case; and, WHEREAS, this [c]ourt is mindful of the paramount importance of the attorney-client relationship in our legal sys *145 tem; and, WHEREAS, the Commonwealth having communication with trial counsel at this juncture may unnecessarily create other issues, it is hereby ORDERED AND DECREED that [Appel-lee’s] motion is GRANTED.
PCRA Ct. Order, 10/7/15. In a footnote, the PCRA court added:
The entry of this [c]ourt’s Order is not premised on a finding that the Commonwealth has violated some duty or otherwise acted inappropriately. Perhaps, the more appropriate relief sought would have been to preclude trial counsel from speaking with any Commonwealth attorney as to the instant ineffective assistance of counsel claim until being called to testify.

Id.

On October 29, 2015, the Commonwealth appealed. Both the Commonwealth and the PCRA court complied with Pa.R.A.P. 1925, The Commonwealth raises one issue in this appeal: “Did the PCRA court err when it barred the Commonwealth from speaking with [Appellee’s] trial counsel prior to an evidentiary hearing on [Appellee’s] claim that counsel provided ineffective assistance?” Commonwealth’s Brief at 7.
Although Appellee does not challenge the Commonwealth’s right to appeal, we will still examine whether we have jurisdiction over this appeal, for subject matter jurisdiction is non-waivable and may be raised sua sponte. See Drake Mfg. Co., Inc. v. Poly flow, Inc., 109 A.3d 250, 258 n.29 (Pa. Super. 2015). The order in question is not a final order because it does not “dispose! ] of all claims and of all parties.” Pa,R.A.P. 841(b). Recognizing this fact, the Commonwealth argues in its brief that the order is appealable under the collateral order doctrine embodied within Pa.R.A.P. 313.[4] Commonwealth’s Brief at 1-5. We agree,
Rule 313 permits an immediate appeal as of right upon satisfaction of three requirements: “(1) the order must be separable from, and collateral to, the main cause of action; (2) the right involved must be too important to be denied review; and (3) the question presented must be such that if review is postponed until after final judgment, the claim will be irreparably lost. Pa.R.A.P. 313(b).” Commonwealth v. Harris, 612 Pa. 576, 32 A.3d 243, 248 (2011). If the appellant fails to meet any of these requirements, the order is not ap-pealable under Rule 313(b). Id.
The Commonwealth meets the first requirement of Pa.R.A.P. 313(b), because it does not seek appellate review dispositive of the main cause of action. The PCRA court’s order addresses the scope of Appel-lee’s waiver of the attorney-client privilege and the applicability of Rules of Professional Conduct relating to duties of confidentiality and loyalty. These issues will not require us to decide the central question before the PCRA court: whether trial counsel provided ineffective assistance. See Commonwealth v. Williams, 624 Pa. 405, 86 A,3d 771, 781 (2014) (discovery order separable from ultimate question before PCRA court); Castellani v. Scranton Times, L.P., 916 A.2d 648, 652 (Pa. Super. 2007) (“[A]n appeal from a discovery order raising a question of the application of a privilege is separable from the underlying issue, so long as the issue of privilege may be addressed by an appellate court without analysis of the underlying issue” (citation omitted)).
Further, this appeal involves important issues of public policy, because it affects the manner in which the Commonwealth prepares for evidentiary hearings in PCRA *146 cases involving alleged ineffective assistance of counsel. See Commonwealth v. Krastas, 564 Pa. 36, 764 A.2d 20, 26 (2001) (“interests embodied in .criminal law are public interests of the greatest weight” (citation omitted)). The present order addresses important questions regarding the scope of the attorney-client privilege and rules of professional responsibility concerning confidentiality and loyalty. See Commonwealth v. Kennedy, 583 Pa. 208, 876 A.2d 939, 943 (2005) (issue is important under Rule 313 if it “implicates rights deeply rooted in public policy” and affects individuals other than those involved in that case). In addition, the order addresses an issue that has divided the courts of common pleas and may continue to do so. See Appellee’s Motion To Preclude, 9/16/15, at 6 n.2 (second judge on same court as PCRA judge denied similar motion to preclude in different case); Commonwealth’s Response, 9/29/15, at 4 (same).
Finally, as a practical matter, the order in question will become unreviewable without this appeal, because the Commonwealth will lose the opportunity to interview trial counsel in advance of the PCRA hearing. Trial counsel’s testimony at the evidentiary hearing will effectively render moot any question over the permissible scope of pre-hearing discovery.
Since the Commonwealth satisfies each element of Pa.R.A.P. 313(b), we will proceed to the substance of this appeal: whether the Commonwealth has- the right to interview Appellee’s trial counsel ex parte, after Appellee accuses counsel of ineffective assistance in a PCRA petition. We review discovery orders in PCRA cases for abuse of discretion. See Harris, 32 A.3d at 252.
We first address whether the PCRA court’s order was necessary to safeguard Appellee’s attorney-client and work product privileges. The Commonwealth argues that the attorney-client privilege does not apply to out-of-court statements, because it is “an evidentiary privilege, not a roving commission to police voluntary, out-of-court communications.” . Commonwealth’s Brief at 19 (citing Wharton v. Calderon, 127 F.3d 1201, 1205 (9th' Cir. 1997)). The Commonwealth further insists that Appellee waived all privileges by accusing trial counsel of ineffectiveness. We disagree.
The attorney-client privilege in criminal cases is codified as follows: “In a criminal proceeding .counsel shall not be competent or permitted to testify to confidential communications made to him by his client, nor shall the client be compelled to disclose the same, unless in either case this privilege is waived upon the trial by the client.” 42 Pa.C.S. § 5916. Pennsylvania law also protects an attorney’s work product from compelled disclosure in criminal cases. See Pa.R.Crim.F. 573(G) (“[disclosure shall not be required of legal research or of records, correspondence, reports or memo-randa to the extent that they contain the opinions, theories or conclusions of the attorney for the Commonwealth or the attorney for the defense, or members of their legal staffs”).
The PCRA provides that-a claim of ineffectiveness constitutes a waiver of privileges relevant to that claim, but not as to any other issues. See . 42 Pa.C.S. § 9545(d)(3) (“When a claim for relief is based on an allegation of ineffective assistance of counsel as a ground for relief, any privilege concerning counsel’s representation as-to that issue shall be automatically terminated”). Consistent with section 9545(d)(3), our. Supreme Court has held that privileges are subject to issue-specific waiver in PCRA proceedings relating to alleged ineffectiveness of counsel. See Commonwealth v. Flor, 136 A.3d 150, *147 160-61 (Pa. 2016); Harris, 32 A.3d at 252. At the same time, however, the Court has refused to permit the Commonwealth to obtain information that falls outside the scope of this waiver. Id.
In Harris, a capital case, the defendant filed a PCRA petition challenging trial counsel’s effectiveness regarding the presentation of an- expert witness psychologist, Dr. Berger, during the mitigation phase of his trial. The PCRA court held the defendant waived his psychologist-patient privilege with respect to Dr. Berger and granted the Commonwealth leave to hire him as its own expert for the PCRA proceedings. The Supreme Court reversed, reasoning:
Because Dr. Berger was privy to ... confidential attorney-client communications, many of which may have no bearing on Appellant’s PCRA claims, he may well be in possession of privileged material that Appellant has not placed in issue ... Allowing the prosecution to retain and consult with Dr. Berger , creates the potential that still-privileged material will be revealed, perhaps inadvertently, and moreover, risks the public perception, whether justifiable or not, that a witness in a criminal matter changed his view in exchange for remuneration ....
Id. at 253. For these reasons, the .Court held that the Commonwealth could not hire Dr. Berger as an expert. Id. At most, the Commonwealth could call Dr. Berger “to testify as a fact witness[ ] to the extent that any privilege has been waived ,[5] Id.
In Flor, another capital case, the Commonwealth moved for access to trial counsel’s complete records, approximately 30,-000 pages of documents, in response to the defendant’s PCRA claims of ineffective assistance. PCRA counsel requested several weeks to review the file to facilitate removal of privileged materials, but the PCRA court granted the Commonwealth’s motion and denied PCRA counsel’s request for time to' conduct a privilege review. Citing section 9543(d)(3), the Supreme Court vacated the discovery order because of the danger that privileged-materials might fall into the Commonwealth’s hands. The Court reasoned:
The PCRA court neither conducted an in camera review nor provided counsel with the opportunity to separate the material that remained privileged from that which was put in issue by Flor’s claims. Although it may well be that the bulk of trial counsel’s file no longer is privileged because of the scope of Flor’s claims, it also is possible that some material remains privileged because it was not put in issue. As in Harris, the mere potential that the PCRA court’s order will force the disclosure óf privileged materials requires reversal of the PCRA court’s discovery order.
Id,, 136 A.3d at 160. The PCRA court thus “abused its discretion by compelling PCRA counsel to deliver to the Commonwealth the entirety of trial counsel’s file without first discerning whether and to what extent the file contained privileged material and removing such material from the file.” Id. at 161. The Supreme Court directed the PCRA court “to permit PCRA counsel the opportunity to determine precisely what portions of trial counsel’s file remain privileged in light of Flor’s claims.” Id.
Based on these authorities, we reject the Commonwealth’s argument that the attorney-client and work .product privileges do not apply to its proposed out-of-court interview with trial counsel. Harris and Flor demand that the PCRA court *148 vigilantly guard against disclosure of “privileged materials” in out-of-court interviews with individuals who performed work for the defense or in discovery proceedings outside the courtroom. Flor, 136 A.3d at 160; Harris, 32 A.3d at 253. These decisions, consistent with section 9545(d)(3), establish that the defendant only waives applicable privileges in PCRA cases to the extent that they relate to his specific claims of ineffectiveness. Privileged information that does not relate to ineffectiveness claims continue to remain fully protected, and the PCRA court must craft its discovery orders to safeguard this information. When, as in Flor, the Commonwealth seeks discovery of written documents, an order compelling document review by trial counsel or in camera review by the court will likely prevent disclosure of still-privileged materials. Conversely, when, as in Harris, the Commonwealth seeks a private interview with a professional who formerly worked for the defense, it does not seem possible to eliminate or even minimize the possibility of such disclosure. In such a situation, it may be incumbent upon the court to enter an order prohibiting an ex parte interview.
Therefore, we conclude that the PCRA court in this case correctly determined that a preclusion order was necessary. A private interview between prosecutors and trial counsel could easily become a freewheeling inquiry into privileged matters that fall outside the scope of the ineffectiveness claims raised by Appellee. As in Harris, the only way to guard against this hazard is to order the Commonwealth to refrain from interviewing trial counsel in advance of the PCRA evidentiary hearing.
The PCRA court’s order was proper for a second, independent reason: the court had the authority to head off trial counsel’s potential breach of Pennsylvania Rules of Professional Conduct 1.9 and 1.6. Rule 1.9(c)(1) and (2) state the general rule of loyalty to a former client: “A lawyer who has formally represented a client ... shall not thereafter [ ] use information relating to the representation to the disadvantage of the former client ... or reveal information relating to the representation ...” Rule-1.6 precludes disclosure of any other information gained in the professional relationship that the client has requested be held inviolate or that would be’ detrimental to the client. Rule 1.6 has several exceptions, one of which is pertinent here:
A lawyer may reveal such information to the extent that the lawyer reasonably believes necessary:
to establish a claim or defense on behalf of the lawyer in a controversy between the lawyer and the client, to establish a defense to a criminal charge or civil claim or disciplinary proceeding against the lawyer based upon conduct in which the client was involved, or to respond to allegations in any proceeding concerning the lawyer’s representation of the client
[[Image here]]
Pa.R.P.C. 1.6(c)(4) (emphasis supplied).
Our Supreme Court has observed:
‘A trial judge, in the exercise of his inherent power to control litigation over which he is presiding and his duty to supervise the conduct of lawyers practicing before him so as to prevent gross impropriety, has power to act where the facts warrant it.... Where a breach of ethics is made to appear, the relief is usually the granting of a motion to disqualify and remove the offending lawyer, and has been employed in this State as well as other jurisdictions.
Slater v. Rimar Inc., [ ] 338 A.2d 584, [589 (Pa. 1975) ] .,. The test for determining whether there is an impairing conflict is probability, not certainty ... A court is not bound to sit back and wait *149 for a probability to ripen into a certainty; it may restrain conduct which has the potential for evolving into a breach of ethics before such conduct becomes ripe for disciplinary action.
Pirillo v. Takiff, 462 Pa. 511, 341 A.2d 896, 904-05 (1976) (some citations omitted).
The circumstances of this case indicate that trial counsel, left unchecked, might share client confidences and secrets with the Commonwealth in violation of his duties under Rules 1.9 and 1.6. Trial counsel steadfastly refused to confer with PCRA counsel with regard to Appellee’s claims, going so far as to say: “You’re nuts if you think I’m gonna help you.” Trial counsel advised PCRA counsel to contact the District Attorney’s Office with further questions. The District Attorney’s Office, for its part, insists that it has the right to interview trial counsel and has informed PCRA counsel that the prosecutor assigned to the ease has “already contacted” trial counsel. We acknowledge that Rule 1.6(c)(4) permits trial counsel to divulge information to the District Attorney that he reasonably believes is necessary to respond to Appellee’s claims of ineffectiveness. Nevertheless, in view of trial counsel’s uncooperative attitude towards PCRA counsel, the PCRA court correctly perceived that a private conversation between trial counsel and the prosecutor might venture beyond Rule 1.6(c)(4)’s limits. The PCRA was not “bound to sit back and wait” for any ethical lapse. See Pirillo, 341 A.2d at 905. It had the discretion, and properly exercised this discretion, to enjoin such misconduct in advance.
The parties and two amici argue at length regarding whether American Bar Association Ethics Opinion 10-456 barred trial counsel from divulging information to prosecutors outside of a courtroom setting. Having already identified two grounds for affirming the PCRA court’s order, we need not analyze whether, and to what extent, the ABA opinion applies to this case.
Order affirmed. Case remanded for further proceedings consistent with this opinion. Jurisdiction relinquished.

. 42 Pa.C.S. §§ 9541-9546,

. Appellee’s nickname was "Lemon,”

. 18 Pa.C.S, §§ 2502, 903, 6106, and 907, respectively.

. Appellee does not dispute this argument.

. Although the opinion in Harris did not expressly refer to section 9543(d)(3), we consider Harris’s reasoning to be entirely faithful to this statute.