**IN THE SUPREME COURT OF PENNSYLVANIA
EASTERN DISTRICT**


**SAYLOR, C.J., BAER, TODD, DONOHUE, DOUGHERTY, WECHT, MUNDY, JJ.**


| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | No. 13 EAP 2018 |
| | : | |
| Appellant | : | Appeal from the Judgment of Superior |
| | : | Court entered on July 12, 2017 at |
| | : | 3251 EDA 2015 (reargument denied |
| v. | : | September 13, 2017) affirming and |
| | : | remanding the PCRA Order entered |
| | : | on October 715 in the Court of |
| JEROME KING, | : | Common Pleas, Philadelphia County, |
| | : | Criminal Division at No. CP-51-CR- |
| Appellee | : | 0706191-2005. |
| | : | |
| | : | SUBMITTED:  January 15, 2019 |


**OPINION**


**JUSTICE BAER**                                                    **DECIDED:  July 17, 2019**

Jerome King ("Appellee") timely filed a petition pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546, claiming, *inter alia*, that he is entitled to a new trial because his trial counsel rendered ineffective assistance.  In connection with this petition, Appellee submitted to the PCRA court a motion to preclude the Commonwealth from privately interviewing his trial counsel, who allegedly refused to cooperate with Appellee's attempt to prepare for PCRA litigation and, instead, was collaborating with the Commonwealth.  The PCRA court entered an order granting the motion, and the Superior Court affirmed that order.  This Court granted allowance of appeal to consider whether the lower courts correctly concluded that the Commonwealth should be prevented from privately interviewing a PCRA petitioner's trial counsel under the circumstances presented in this matter.  For the reasons stated below, we hold that,

given the circumstances relevant to this appeal, the PCRA court did not abuse its discretion by barring the Commonwealth from privately interviewing trial counsel. Consequently, we affirm the Superior Court's judgment.

The factual and procedural histories underlying this appeal are protracted and largely immaterial to the discrete issue presently before this Court. Thus, we will summarize the matter only to the extent necessary to understand the pertinent issue. In September of 2006, a jury convicted Appellee of, *inter alia*, first-degree murder, and for that conviction, the trial court sentenced him to life in prison without the possibility of parole. The Superior Court affirmed the judgment of sentence. *Commonwealth v. King*, 959 A.2d 405 (Pa. Super. 2008). Appellee did not seek further review of his judgment of sentence.

In October of 2009, Appellee, acting *pro se*, timely filed a PCRA petition. The PCRA court appointed counsel to represent him. PCRA counsel filed an amended PCRA petition and various supplements thereto, alleging, *inter alia*, that Appellee's trial counsel rendered ineffective assistance by failing to seek a cautionary instruction related to prior bad acts evidence that the Commonwealth presented to the jury at trial.

After a second appeal regarding Appellee's PCRA petition, the Superior Court remanded the case to the PCRA court with directions to hold an evidentiary hearing to address the aforementioned claim of ineffective assistance of counsel. *Commonwealth v. King*, 125 A.3d 462 (Pa. Super. 2015) (unpublished memorandum). However, before that hearing could occur, Appellee filed in the PCRA court the motion germane to this appeal, which he entitled "Motion to Preclude the Commonwealth from Conducting an Out-of-Court Interview of Trial Counsel in Advance of the Evidentiary Hearing" ("Motion to Preclude").

In this motion, Appellee averred that, in a letter dated August 5, 2015, PCRA counsel asked trial counsel whether he had any strategic reason for failing to seek a cautionary instruction regarding the Commonwealth's prior bad acts evidence.[1] Appellee asserted that trial counsel never responded to the letter, causing PCRA counsel to leave two messages on trial counsel's answering machine asking for a response to the letter. Trial counsel allegedly did not respond to these messages either. PCRA counsel sent trial counsel another letter dated August 28, 2015, and again, trial counsel allegedly failed to respond.[2]

In terms of a legal argument, Appellee acknowledged that trial counsel can defend himself against his claim of ineffective assistance of counsel and that Appellee waived the attorney-client privilege as to that claim. *See* 42 Pa.C.S. § 9545(d)(3) ("When a claim for relief is based on an allegation of ineffective assistance of counsel as a ground for relief, any privilege concerning counsel's representation as to that issue shall be automatically terminated."). However, citing to the Pennsylvania Rules of Professional Conduct, Appellee explained that trial counsel nonetheless has a continuing duty of loyalty to Appellee, his former client, and that trial counsel is precluded from divulging any

---

[1] It is well-settled that trial counsel is presumed to have been effective and that Appellee, as a PCRA petitioner, bears the burden of proving trial counsel's alleged ineffectiveness. *Commonwealth v. Wholaver*, 177 A.3d 136, 144 (Pa. 2018). To overcome this presumption, Appellee must establish that: (1) his underlying substantive claim has arguable merit; (2) counsel did not have a reasonable basis for his or her act or omission; and (3) Appellee suffered prejudice as a result of counsel's allegedly deficient performance. *Id.* Appellee's attempts to ascertain information from trial counsel were designed to gather evidence regarding the second prong of the ineffective assistance of counsel standard.

[2] Shortly after Appellee filed his Motion to Preclude, he filed another motion in which he sought permission to examine trial counsel at the evidentiary hearing as an adverse witness. In that motion, Appellee stated that, as early as 2010, trial counsel informed PCRA counsel that he would not answer any of PCRA counsel's questions and that trial counsel directed PCRA counsel to contact the Philadelphia District Attorney's Office if PCRA counsel had any further questions. The PCRA court has yet to rule on this motion.

attorney-client confidences outside of the information related to Appellee's specific claim of ineffective assistance of counsel. Indeed, relying on the American Bar Association's Ethics Opinion 10-456, Appellee suggested that "a waiver of privilege resulting from the filing of an ineffective assistance claim does not constitute informed consent to the lawyer's voluntary disclosure of client information outside a judicial or similar proceeding." Motion to Preclude, at 3 (internal quotation marks omitted). Based upon these legal concepts and the circumstances presented in this case, Appellee asked the PCRA court to enter an order precluding the Commonwealth from communicating with trial counsel prior to the evidentiary hearing.

The Commonwealth filed a response to Appellee's motion. It first explained that Appellee has waived his attorney-client privilege as to his claim of ineffective assistance of trial counsel and that trial counsel is entitled to defend himself against this claim. The Commonwealth highlighted that Appellee failed to provide any binding precedent to support his position that the Commonwealth should be prohibited from speaking to trial counsel. For example, the Commonwealth noted that this Court has never endorsed or adopted the American Bar Association's Ethics Opinions. The Commonwealth also protested that every time a court orders an evidentiary hearing on a claim of ineffective assistance of counsel, the Commonwealth speaks to the trial counsel whose representation is at issue to prepare for the hearing. Lastly, the Commonwealth pointed out that PCRA counsel has twice before filed motions like Appellee's Motion to Preclude, and according to the Commonwealth, both of those motions were denied.

On October 6, 2015, the PCRA court entertained oral argument on Appellee's Motion to Preclude. The following day, the court entered an order granting the motion. In support of its order, the court cited, *inter alia*, trial counsel's alleged refusal to communicate with PCRA counsel and the narrowness of the issue to be explored during

the evidentiary hearing, *i.e.*, whether trial counsel rendered ineffective assistance by failing to seek a cautionary instruction regarding the prior bad acts evidence that the Commonwealth presented at trial. The Commonwealth filed a notice of appeal and a Pa.R.A.P. 1925(b) statement on October 29, 2015. The PCRA court subsequently issued an opinion in support of its decision.

In a published opinion, the Superior Court affirmed the PCRA court's order precluding the Commonwealth from interviewing trial counsel. *Commonwealth v. King*, 167 A.3d 140 (Pa. Super. 2017). The court characterized the PCRA court's order as a discovery order, noting that it reviews discovery orders in PCRA appeals for an abuse of discretion. As to the merits of the Commonwealth's claim that it has the right to interview trial counsel, the Superior Court first observed, as previously explained herein, that a PCRA petitioner waives the attorney-client privilege only as to information relevant to claims of ineffective assistance of counsel. Relying on this Court's decisions in *Commonwealth v. Harris*, 32 A.3d 243 (Pa. 2011), and *Commonwealth v. Flor*, 136 A.3d 150 (Pa. 2016), the Superior Court explained that this Court has refused to allow the Commonwealth to obtain information from trial counsel that falls outside of this limited waiver of the attorney-client privilege.

According to the intermediate appellate court, "*Harris* and *Flor* demand that the PCRA court vigilantly guard against disclosure of 'privileged materials' in out-of-court interviews with individuals who performed work for the defense or in discovery proceedings outside the courtroom." *King*, 167 A.3d at 147-48. Indeed, the court opined that, when the Commonwealth seeks to interview privately a professional who formerly worked in the criminal defense of a PCRA petitioner, it may be incumbent for the PCRA court to enter an order prohibiting such an interview to eliminate the possibility of that professional exposing client confidences. Thus, the Superior Court held that the PCRA

court was within its discretion when, under the facts of this case, it precluded the Commonwealth from privately interviewing trial counsel based on these concerns, stating, "A private interview between prosecutors and trial counsel could easily become a freewheeling inquiry into privileged matters that fall outside the scope of the ineffectiveness claims raised by Appellee." *Id.* at 148. The Superior Court bolstered its conclusion that the PCRA court's decision was within its discretion by suggesting that the PCRA court had the authority to avert trial counsel's potential breach of the Pennsylvania Rules of Professional Conduct, which, generally speaking, preclude counsel from revealing information related to the representation of clients.

Continuing on this theme, the Superior Court explained that the particular circumstances of this case suggest that trial counsel, if left unchecked, could well share Appellee's confidences and secrets with the Commonwealth in violation of counsel's ethical duties. In support of this statement, the intermediate appellate court cited, *inter alia*, Appellee's assertion that trial counsel advised PCRA counsel to contact the District Attorney's Office with any further questions. Thus, the court opined that the PCRA court properly exercised its discretion to enjoin the Commonwealth from speaking with trial counsel "in view of trial counsel's uncooperative attitude towards PCRA counsel[.]" *Id.* at 149.

In closing, the Superior Court noted that the parties argued at length in their appellate briefs regarding whether the American Bar Association's Ethics Opinion 10-456 barred trial counsel from speaking to the Commonwealth outside of a courtroom setting. Because the intermediate appellate court already had identified independent reasons upon which to affirm the PCRA court's order, it declined to address the applicability of this opinion to the case at bar. For these reasons, the Superior Court affirmed the PCRA court's order and remanded to that court for further proceedings.

The Commonwealth petitioned this Court for allowance of appeal, which we granted to address the following question, as phrased by the Commonwealth:

Did the Superior Court commit a significant and potentially far-reaching error of law when, in contravention of Pennsylvania law and the greater weight of authority nationally, it issued a published decision holding that PCRA courts may bar the Commonwealth from speaking with [a defendant's] trial counsel prior to evidentiary hearings on defense claims that counsel provided ineffective assistance?

*Commonwealth v. King*, 184 A.3d 946 (Pa. 2018). Before answering this question, we define our standard of review. To accomplish this task, it is necessary to put the PCRA court's order in the appropriate legal context.

The PCRA court's order precludes the Commonwealth from engaging in discovery insomuch as it prevents the Commonwealth from further communicating with trial counsel for purposes of preparing for PCRA litigation. Thus, the order can best be described as a "protective order" as that term is used in the discovery process. *Cf.* "Protective Order" Definition, *Black's Law Dictionary* (10th ed. 2014) (defining "protective order" as a "court order prohibiting or restricting a party from engaging in conduct (esp. a legal procedure such as discovery) that unduly annoys or burdens the opposing party or a third-party witness"). As the PCRA court's order, at its essence, relates to discovery, we will review it for an abuse of discretion.[3] *See Commonwealth v. Williams*, 86 A.3d 771, 787 (Pa. 2014) ("Appellate courts review PCRA discovery orders for an abuse of discretion.").

---

[3] This Court recently summarized the abuse-of-discretion standard as follows:

When a [trial] court comes to a conclusion through the exercise of its discretion, there is a heavy burden [on the appellant] to show that this discretion has been abused. An appellant cannot meet this burden by simply persuading an appellate court that it may have reached a different conclusion than that reached by the trial court; rather, to overcome this heavy burden, the appellant must demonstrate that the trial court actually abused its discretionary power. An abuse of discretion will not be found based on a mere error of judgment, but rather exists where the [trial] court has reached a conclusion which overrides or misapplies the law, or where

Regarding the parties' arguments to this Court, we observe that they correctly agree that Appellee has waived his attorney-client privilege as it relates to his specific claim of ineffective assistance of counsel. *See* 42 Pa.C.S. § 9545(d)(3) ("When a claim for relief is based on an allegation of ineffective assistance of counsel as a ground for relief, any privilege concerning counsel's representation as to that issue shall be automatically terminated."). When the parties' arguments are deconstructed to their simplest elements, each party contends that the other party's position is unsupported by the law. On the one hand, the Commonwealth insists that Appellee cannot provide any binding authority for the proposition that the Commonwealth should be precluded from interviewing trial counsel for the purpose of preparing for an evidentiary hearing to examine whether Appellee is entitled to a new trial based upon that counsel's alleged ineffective stewardship. On the other hand, Appellee maintains that the Commonwealth cannot produce any legal authority to demonstrate conclusively that it has the right to unfettered access to Appellee's former counsel.[4]

To some extent, both parties appear to be correct. Our research indicates that nothing in the law specifically prohibits the Commonwealth from interviewing trial counsel when that counsel's representation of a PCRA petitioner is under scrutiny, and there is no blanket rule that establishes that the Commonwealth should have unconstrained

---

the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias or ill-will. Absent an abuse of that discretion, an appellate court should not disturb a trial court's ruling.

*Commonwealth v. Norton*, 201 A.3d 112, 120 (Pa. 2019) (citations and quotation marks omitted).

[4] The Pennsylvania Association of Criminal Defense Lawyers and the Ethics Bureau at Yale filed *amici curiae* briefs in support of Appellee.

access to trial counsel. In fact, the PCRA itself is silent as to issues regarding discovery,[5] and our Rules of Criminal Procedure speak only broadly to discovery requests made in the context of PCRA proceedings, disallowing all discovery except upon leave of court after a showing of exceptional circumstances in non-capital cases and upon leave of court after a showing of good cause in capital cases. Pa.R.Crim.P. 902(E)(1) & (2), respectively.

Consequently, it is jurisprudentially sound to place such matters in the discretion of PCRA courts. Stated differently, we hold that, when a PCRA court is presented with a request to limit the Commonwealth's access to trial counsel, it is incumbent upon the court to consider the totality of the circumstances and carefully exercise its discretion to craft an order that balances the interests of the parties.

Here, the parties shared an interest in accessing trial counsel for purposes of preparing for an evidentiary hearing that would address a single, rather straightforward claim of ineffective assistance of counsel. Yet, Appellee presented the PCRA court with a motion to preclude the Commonwealth from further communicating with trial counsel. Appellee's request was premised upon allegations that trial counsel outright refused to provide PCRA counsel with any information to prepare for the litigation of Appellee's claim of ineffective assistance of counsel. Appellee further averred that trial counsel's actions suggest that, despite his unwillingness to assist Appellee, he was agreeable to providing pertinent (and perhaps impertinent) information to the Commonwealth.

In response, the Commonwealth did not simply argue that, under the specific circumstances of this case, the PCRA court should not preclude the Commonwealth from

---

[5] For the sake of clarity, we observe that, when a PCRA petitioner requests an evidentiary hearing, the PCRA requires the petitioner to submit a certification for each witness that the petitioner intends to present at the hearing, and the certification must include, *inter alia*, the substance of the witness' testimony. 42 Pa.C.S. § 9545(d)(1).

further meeting with trial counsel, nor did the Commonwealth suggest some sort of "middle ground" remedy, as it does in its brief to this Court. *See* Commonwealth's Brief at 22 (asserting that, "under the 'middle ground' approach endorsed by . . . this Court in *Flor*, it would be appropriate for a PCRA court to enter an order restricting the lawyers' conversation and document review to the ineffectiveness claim, and to enforce that order via contempt sanctions and disciplinary referrals in the event of a violation"). Rather, the Commonwealth's argument was more absolutist in that it advocated that the PCRA court could never limit the Commonwealth's access to trial counsel when that counsel's stewardship is the focus of a PCRA claim. *See, e.g.*, Commonwealth's Letter in Response to the Motion to Preclude, 9/29/2015, at 3 (stating that "[n]othing in the PCRA qualifies or circumscribes the manner in which an attorney accused of ineffectiveness may 'reveal [the] information' related to the claim of ineffectiveness").

Faced with these allegations and arguments, the PCRA court entered an order granting Appellee's Motion to Preclude. The court primarily grounded its order in the particular circumstances of this case. Specifically, the court noted: (1) Appellee's Motion to Preclude and the Commonwealth's response thereto; (2) that trial counsel has a continuing duty to his former client regardless of Appellee's claim of ineffective assistance of counsel; (3) that "trial counsel appears to have exhibited a total lack of cooperation or even communication with post-conviction counsel;" (4) that "the scope of the inquiry by the Commonwealth at the evidentiary hearing will be narrow, given the sole issue on remand from the Superior Court, and therefore efficiency in preparation for that hearing is not, in actuality, a factor in this case;" (5) that it "is mindful of the paramount importance of the attorney-client relationship in our legal system;" and (6) "the Commonwealth having communication with trial counsel at this juncture may unnecessarily create other issues[.]" PCRA Court Order, 10/7/2015.

We note that, in affirming the PCRA court's order, the Superior Court relied upon case law and, to some extent, the Pennsylvania Rules of Professional Conduct; however, we conclude that disposition of this appeal need not touch upon those matters. Importantly, however, the Superior Court correctly recognized that it was charged with reviewing a discovery order for abuse of discretion. *King*, 167 A.3d at 146 ("We review discovery orders in PCRA cases for an abuse of discretion."). In this regard, the court ultimately determined that no abuse of discretion occurred in this case. We concur with that conclusion.

In short, the PCRA court was faced with allegations that trial counsel refused to cooperate with Appellee in preparation for an evidentiary hearing but, at the same time, counsel purportedly was cooperating with the Commonwealth's preparation for the same hearing. Faced with these allegations, the PCRA court, learned in the law, entered an order crafted to the specific arguments presented by the parties and the particular circumstances of this case, placing both parties in a similar posture regarding their interests in being prepared to litigate a discrete claim of ineffective assistance of counsel. Simply put, the Commonwealth has failed to persuade both the Superior Court and this Court that such an order constitutes an abuse of discretion. For these reasons, we affirm the judgment of the Superior Court.

Chief Justice Saylor and Justices Todd and Mundy join the opinion.

Justices Donohue and Mundy file concurring opinions.

Justice Dougherty files a dissenting opinion.

Justice Wecht did not participate in the consideration or decision of this case.