[J-1-2019] [MO: Baer, J.]

**IN THE SUPREME COURT OF PENNSYLVANIA**
**EASTERN DISTRICT**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | No. 13 EAP 2018 |
| | : | |
| Appellant | : | Appeal from the Judgment of Superior |
| | : | Court entered on July 12, 2017 at |
| | : | 3251 EDA 2015 (reargument denied |
| v. | : | September 13, 2017) affirming and |
| | : | remanding the PCRA Order entered |
| | : | on October 715 in the Court of |
| JEROME KING, | : | Common Pleas, Philadelphia County, |
| | : | Criminal Division at No. CP-51-CR- |
| Appellee | : | 0706191-2005 |
| | : | |
| | : | SUBMITTED:  January 15, 2019 |

## CONCURRING OPINION

**JUSTICE DONOHUE**                                          **DECIDED:  July 17, 2019**

I concur in the result of the Majority's decision.  Specifically, I agree with the

Majority that the PCRA court did not err in precluding the Commonwealth from conducting

an out-of-court interview with trial counsel in advance of the PCRA evidentiary hearing,

and that the Superior Court's decision should be affirmed.  I also agree with the Majority

that the preclusion order at issue should be reviewed under an abuse of discretion

standard.[1]  I cannot, however, join in the Majority's application of that standard.  The

Majority evaluates the trial court's exercise of its discretion solely on the facts and without

any consideration of the relevant law.  In my view, a trial court's discretion is cabined by

---

[1]  Our review of the Superior Court's assessment of a PCRA court's discretionary decision "is not deferential, but plenary and de novo." *Commonwealth v. Hoover*, 107 A.3d 723, 729 (Pa. 2014).

the substantive legal framework that it is required to apply. *See Commonwealth v. Norton*, 201 A.3d 112, 123-130 (Pa. 2019) (Donohue, J., dissenting). As I explained in *Norton*, "discretion itself is not the governing legal standard." *Id.* at 125 n.3.

The Majority correctly recites the fundamentals of the abuse of discretion standard, which requires the appellate court to determine whether the trial court "has reached a conclusion which overrides or misapplies the law, or where the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias or ill-will." Majority Op. at 7-8 n.3 (citing *Norton*, 201 A.3d at 120). This Court has explained that "the term 'discretion' imports the exercise of judgment, wisdom and skill so as to reach a dispassionate conclusion, **within the framework of the law**, and is not exercised for the purpose of giving effect to the will of the [trial] judge." *Commonwealth v. Gill*, 206 A.3d 459, 466 (Pa. 2019) (emphasis added). Because a trial court's discretion is cabined by the "framework of the law," the facts alone do not control appellate review.

The PCRA court acted within its discretion in determining that a preclusion order was warranted, as it appropriately considered both the facts and the relevant law. The Majority notes that there is no law that directly addresses whether the Commonwealth may interview trial counsel in order to prepare for a PCRA evidentiary hearing regarding claims of trial counsel's ineffectiveness. Majority Op. at 8. In addressing the issue, however, the PCRA court relied upon case law emphasizing the importance of the attorney-client privilege, which aims to "'foster a confidence between attorney and client that will lead to a trusting and open dialogue' – particularly in the criminal field." PCRA Court Opinion, 1/22/2016, at 8-9 (citing *Commonwealth v. Chmiel*, 738 A.2d 406, 423 (Pa. 1999)). The PCRA court concluded that the law therefore requires that all

communications by a client to his attorney for the purpose of obtaining advice "shall be strictly privileged." *Id.* at 9 (citing *Chmiel*, 738 A.2d at 423). The PCRA court also examined the Rules of Professional Conduct, which prohibit lawyers from revealing information related to the representation of their clients, *id.* at 8 (citing Pa.R.P.C. 1.6(a)), even after the termination of the attorney-client relationship. *Id.* at 10 (citing Pa.R.P.C. 1.9(c)).

In reviewing the PCRA court's decision, the Superior Court also called upon the relevant legal framework. *See Commonwealth v. King*, 167 A.3d 140, 142 (Pa. Super. 2017). It observed that raising a claim of ineffective assistance of trial counsel constitutes a limited waiver of the attorney-client privilege, but only "**as to that issue**[.]" *Id.* at 146 (citing 42 Pa.C.S. § 9545(d)(3)) (emphasis in original). It also relied upon the relevant jurisprudence from this Court, *Commonwealth v. Harris*, 32 A.3d 243 (Pa. 2011), and *Commonwealth v. Flor*, 136 A.3d 150 (Pa. 2016), which reaffirm the "issue-specific" nature of the waiver. *Id.* at 148.[2] *Harris* and *Flor* demonstrate that this "Court has refused to permit the Commonwealth to obtain information that falls outside the scope of the

---

[2] In *Harris*, the Commonwealth was prohibited from consulting with or retaining the expert psychologist who testified on the defendant's behalf at trial, despite the fact that the defendant premised his ineffective assistance of counsel claim in his PCRA petition upon trial counsel's reliance on the expert psychologist's deficient testimony. However, the Commonwealth was permitted to call the psychologist to testify as a fact witness to the extent that Harris waived the psychologist-client privilege by placing privileged material at issue. *Harris*, 32 A.3d at 592-93.

In *Flor*, this Court found that the PCRA court abused its discretion in ordering wholesale disclosure of trial counsel's complete records without permitting a privilege review. "As in *Harris*, the mere potential that the PCRA court's order will force the disclosure of privileged materials requires reversal of the PCRA court's discovery order." *Flor*, 136 A.3d at 160. We therefore remanded with directions to the PCRA court to permit PCRA counsel to determine what portions of trial counsel's file remained privileged. *Id.* at 161.

waiver[,]" and that "the PCRA court must craft its discovery orders to safeguard this information." *Id*. at 147, 148. The Superior Court read *Harris* and *Flor* together with section 9543(d)(3) of the PCRA Act, as establishing that a PCRA court must vigilantly guard against disclosure of privileged materials. Having identified the relevant legal framework, the Superior Court turned to the factual circumstances of this appeal, and concluded that the trial court "correctly determined that a preclusion order was necessary." *Id*. at 148.

The Superior Court also stated that Rules of Professional Conduct 1.6 and 1.9, read together with *Pirillo v. Takiff*, 341 A.2d 896, 904-05 (Pa. 1976), provided an independent basis for the PCRA court's order. *King*, 167 A.3d at 148 (citing Pa.R.P.C. 1.6, 1.9). In *Pirillo*, this Court recognized that a trial judge has the power and duty to supervise the conduct of lawyers practicing before him. "A court is not bound to sit back and wait for a probability [of an impairing conflict] to ripen into a certainty; it may restrain conduct which has the potential for evolving into a breach of ethics before such conduct becomes ripe for disciplinary action." *Pirillo*, 341 A.2d at 905. Applying this legal framework to the pending matter, the Superior Court thus determined that the "PCRA [court] was not 'bound to sit back and wait' for any ethical lapse[,]" but instead had the discretion to enjoin ethical misconduct in advance. *King*, 167 A.3d at 149. The Superior Court thus affirmed the PCRA court's order on two grounds – first, based on its interpretation of the relevant legislative framework considered in conjunction with *Harris* and *Flor*, and second, based on the Rules of Professional Conduct and the duty of the trial court to restrain violations thereof.

In contrast, the Majority here looks only to the factual circumstances of this appeal, merely indicating that it is "jurisprudentially sound to place such matters in the discretion of the PCRA courts." Majority Op. at 9, 11 (finding that "disposition of this appeal need not touch on" case law or the Rules of Professional Conduct). Such an approach runs counter to the established view that "'discretion' imports the exercise of judgment, wisdom and skill so as to reach a dispassionate conclusion, within the framework of the law[.]" *Gill*, 206 A.3d at 466. Moreover, we did not grant discretionary review to determine whether the trial court erred in its consideration of the facts of this case. Instead, we granted review to determine whether the Superior Court's affirmance of the PCRA court's order was in "contravention of Pennsylvania law and the greater weight of authority nationally," and whether the lower courts properly applied the law to the circumstances at hand.[3] *Commonwealth v. King*, 184 A.3d 946 (Pa. 2018) (per curiam).

This case thus offers an opportunity to clarify the substantive law in this area and apply it to the facts of this case. A PCRA court, faced with a motion to prohibit the Commonwealth from conducting an ex parte interview of trial counsel, should exercise its discretion guided by the following considerations. First, the PCRA court's determination must be consistent with our precedent requiring protection of confidential information

---

[3] "Our Rules of Appellate Procedure provide that we grant review only when there are special and important reasons therefor." *McMullen v. Kutz*, 985 A.2d 769, 773 n.1 (Pa. 2009) (citing, inter alia, Pa.R.A.P. 1114). Our review generally is not focused on correcting errors committed by the lower courts, but on determining the substantive law to be followed by courts analyzing similar issues in the future. *See* Pa.R.A.P. 1114(b)(1)-(7) (listing the reasons for granting discretionary review). The case at bar merited our discretionary review because it posed an important legal question: what is the substantive legal framework for reviewing a discovery motion seeking to preclude the Commonwealth from privately interviewing trial counsel in anticipation of PCRA evidentiary proceedings?

revealed within the scope of the attorney-client relationship. *See Chmiel*, 738 A.2d at 414 (recognizing that Pennsylvania law protects the attorney-client privilege as "the most revered of the common law privileges"); *Flor*, 136 A.3d at 158 (same). The PCRA court should be mindful of trial counsel's ongoing duty to his former client, including his duty to maintain the confidentiality of information related to his representation of the client. Pa.R.P.C. 1.6(a). Pertinent to PCRA claims, such confidentiality persists except in the limited circumstances where the lawyer "reasonably believes" disclosure is necessary "to respond to allegations in any proceeding concerning the lawyer's representation of the client[.]" Pa.R.P.C. 1.6(c)(4). Therefore, the PCRA court's considerations must take into account the limited nature of the waiver of the attorney-client privilege on PCRA review. *See* 42 Pa.C.S. § 9545(d)(3) (providing that an individual raising a claim for collateral relief "based on an allegation of ineffective assistance of counsel" automatically terminates "any privilege concerning counsel's representation **as to that issue**") (emphasis added); *Flor*, 136 A.3d at 160 ("requir[ing] strict adherence to our precedent protecting privileged communications"). As the Superior Court recognized, "*Harris* and *Flor* demand that the PCRA court vigilantly guard against disclosure of 'privileged materials' in out-of-court interviews with individuals who performed work for the defense or in discovery proceedings outside the courtroom." *King*, 167 A.3d at 147-48 (citing *Flor*, 136 A.3d at 160; *Harris*, 32 A.3d at 253).[4]

---

[4] I do not view the legal framework as foreclosing the Commonwealth's ability to prepare for the PCRA hearing by interviewing trial counsel. In my view, in instances such as this where the Commonwealth seeks information outside of its control, the Commonwealth may seek permission to depose trial counsel. At a deposition, with both parties present, PCRA counsel would have the opportunity to object (and to seek judicial review, if necessary), should questioning veer into topics that remain privileged.

In consideration of these legal principles and the facts presented, the PCRA court clearly acted within its discretion. I thus concur in the Majority's decision to affirm the PCRA court's ruling, as the PCRA court appropriately considered the applicable legal framework, including strict adherence to the attorney-client privilege and the limited nature of the waiver of the attorney-client privilege when seeking PCRA relief.