IN THE COMMONWEALTH COURT OF PENNSYLVANIA

In Re: City of Philadelphia      :
                                      :
From a Decision of:           :
Philadelphia Civil            : No. 167 C.D. 2022
Service Commission        : Submitted: August 12, 2022
(Robin Evers)                :
                                        :
Appeal of: Robin Evers      :


BEFORE:   HONORABLE MICHAEL H. WOJCIK, Judge
                HONORABLE CHRISTINE FIZZANO CANNON, Judge
                HONORABLE STACY WALLACE, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE WOJCIK                           FILED: June 29, 2023


Robin Evers (Appellant), proceeding *pro se*, appeals from an order of the Philadelphia County Court of Common Pleas (trial court) reversing a decision of the City of Philadelphia Civil Service Commission (Commission). The trial court determined that Appellant waived her appellate rights by failing to properly file a statement of errors complained of on appeal pursuant to Pennsylvania Rule of Appellate Procedure 1925(b), Pa.R.A.P. 1925(b). Upon review, we affirm.

Appellant worked for the City of Philadelphia's Department of Public Property (City) as a Clerk III processing payroll and leave requests. Following a work injury, Appellant took a paid leave of absence between December 2018 and October 2019. Once she exhausted all of her accumulated leave, Appellant

requested an unpaid leave of absence, which the City denied. When Appellant failed to return to work as directed, the City terminated her employment.

In June 2020, Appellant filed an appeal with the Commission challenging the denial of her unpaid leave request. Following an evidentiary hearing, the Commission sustained Appellant's appeal upon finding that the City had abused its discretion.

The City appealed the Commission's determination to the trial court. Following briefing, oral argument, and review of the administrative record, the trial court reversed the Commission's decision by order dated January 21, 2022, without opinion. Appellant timely filed an appeal in this Court.[1]

Upon receipt of the notice of appeal, by order dated February 22, 2022, the trial court ordered Appellant to file and serve a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b) (1925(b) Statement) within 21 days – by March 15, 2022. The order also directed Appellant to serve the 1925(b) Statement on the trial court judge via email and provided an email address.

Appellant timely emailed her 1925(b) Statement to the trial court judge as directed, but she did not serve it on the trial court as ordered.[2] In its Pa.R.A.P. 1925(a) Opinion (1925(a) Opinion) dated on April 7, 2022, the trial court opined

---

[1] In an appeal from a Commission adjudication where the trial court took no additional evidence, our review is limited to a determination of whether any constitutional rights have been violated, whether the Commission abused its discretion or committed an error of law, and whether the findings made by the Commission are supported by substantial evidence. *City of Philadelphia v. Civil Service Commission of City of Philadelphia*, 772 A.2d 962, 966 n.2 (Pa. 2001); *Smith v. Civil Service Commission of City of Philadelphia*, 417 A.2d 810, 812 (Pa. Cmwlth. 1980). "Substantial evidence" is "such relevant evidence as a reasonable mind might accept as adequate to support the conclusion." *Civil Service Commission v. Poles*, 573 A.2d 1169, 1172 (Pa. Cmwlth. 1990).

[2] As a result, Appellant's 1925(b) Statement never appeared on the docket.

that Appellant waived her appellate rights by failing to properly file and serve the 1925(b) Statement as ordered. Consequently, the trial court did not address any of the issues contained therein.

By order of this Court dated April 20, 2022, we directed the parties to address in their principal briefs on the merits or in an appropriate motion whether Appellant preserved any issues on appeal in light of her apparent failure to properly file a 1925(b) Statement. We also noted that Appellant filed an Application for Relief (Application) with this Court on April 18, 2022, in which she attached a copy of her 1925(b) Statement. The City responded that Appellant should have filed the 1925(b) Statement with the trial court rather than this Court, and asserted that the Application did not seek any relief that this Court could grant. We agreed. However, recognizing that Appellant was seeking to correct her failure to properly file the 1925(b) Statement with the trial court, we denied the Application without prejudice to Appellant to file an application for leave to file the 1925(b) Statement *nunc pro tunc* with the trial court. *See* Pa.R.A.P. 1925(b)(2)(i) ("In extraordinary circumstances, the judge may allow for the filing of a Statement or amended or supplemental Statement *nunc pro tunc*."). Despite this opportunity, Appellant never filed a 1925(b) Statement *nunc pro tunc* with the trial court, and has offered no explanation to this Court regarding this omission. In addition, Appellant did not address in her brief whether she preserved any issues on appeal in light of her apparent failure to properly file a 1925(b) Statement as directed.

It is well settled that the failure to file a 1925(b) Statement waives all issues raised on appeal. *See* Pa.R.A.P. 1925(b)(4)(vii)*; Commonwealth v. Castillo*, 888 A.2d 775, 779-80 (Pa. 2005); *Commonwealth v. Schofield*, 888 A.2d 771, 774-75 (Pa. 2005); *Jenkins v. Fayette County Tax Claim Bureau*, 176 A.3d 1038, 1042

3

(Pa. Cmwlth. 2018). Before we may determine waiver, we must first evaluate whether the trial court's order strictly complied with the requirements of Pa.R.A.P. 1925(b).

Pa.R.A.P. 1925(b) provides, in relevant part:

(1) *Filing and service. The appellant shall file of record the Statement and concurrently shall serve the judge.* Filing of record shall be as provided in Pa.R.A.P. 121(a) and, if mail is used, shall be complete on mailing if the appellant obtains a United States Postal Service Form 3817, Certificate of Mailing, or other similar United States Postal Service form from which the date of deposit can be verified in compliance with the requirements set forth in Pa.R.A.P. 1112(c). *Service on the judge shall be at the location specified in the order, and shall be either in person, by mail, or by any other means specified in the order.* Service on the parties shall be concurrent with filing and shall be by any means of service specified under Pa.R.A.P. 121(c).

(2) *Time for filing and service.*

(i) The judge shall allow the appellant at least 21 days from the date of the order's entry on the docket for the filing and service of the Statement;

\* \* \*

(3) *Contents of order.* The judge's order directing the filing and service of a Statement shall specify:

(i) the number of days after the date of entry of the judge's order within which the appellant must file and serve the Statement;

(ii) that the Statement shall be filed of record;

(iii) that the Statement shall be served on the judge pursuant to paragraph (b)(1) and both the place the

4

appellant can serve the Statement in person and the address to which the appellant can mail the Statement. In addition, the judge may provide an email, facsimile, or other alternative means for the appellant to serve the Statement on the judge; and

(iv) that any issue not properly included in the Statement timely filed and served pursuant to subdivision (b) shall be deemed waived.

Pa.R.A.P. 1925(b)(1)-(3) (emphasis added).

Here, the trial court properly ordered Appellant to file a 1925(b) Statement in accordance with the foregoing requirements. Specifically, the trial court directed Appellant, within 21 days from the date of the order, to file and serve the 1925(b) Statement of record. Original Record (O.R.) at 291.[3] The order also directed Appellant to serve the 1925(b) Statement on the trial court judge via email and any party required. *Id*. The order warned: "Any issues not properly included in the Statement timely filed and served pursuant to [Pa.R.A.P.] 1925(b) shall be deemed waived." *Id*. at 292. The trial court's order conforms with the requirements of Pa.R.A.P. 1925(b).

Although Claimant emailed her 1925(b) Statement to the trial court judge as directed, she failed to file and serve her Statement on the docket as ordered. Unfortunately, Appellant did not avail herself of the opportunity to seek *nunc pro tunc* relief to remedy the issue. Consequently, we conclude that all issues on appeal are waived for failure to file a 1925(b) Statement. Even if we did not find waiver for failure to file a 1925(b) Statement, the issues[4] are waived for the additional reason

---

[3] Because the Original Record was filed electronically and was not paginated, the page numbers referenced in this opinion reflect electronic pagination.

[4] Appellant's statement of questions asks whether the trial court erred by not including findings of fact or conclusions of law in its opinion or providing a reason for its reversal. The **(Footnote continued on next page…)**

5

that Appellant did not sufficiently develop her arguments with citation to relevant legal authority and the record. *Commonwealth v. Johnson*, 985 A.2d 915, 924 (Pa. 2009) ("[W]here an appellate brief fails to provide any discussion of a claim with citation to relevant authority or fails to develop the issue in any other meaningful fashion capable of review, that claim is waived."); *Berner v. Montour Township*, 120 A.3d 433, 437 n.6 (Pa. Cmwlth. 2015) (ruling that a party's failure to sufficiently develop an issue in a brief constitutes waiver of the issue); *see also* Pa. R.A.P. 2119(a).

Mindful of Appellant's *pro se* status,[5] we nonetheless offer a brief explanation of why, even if she had not waived her arguments, we would affirm the trial court's reversal of the Commission's decision. The City's Civil Service Regulation 22.02 states: "The appointing authority, subject to the approval of the Director, *may* grant a leave of absence without pay for a period not exceeding one year, to an employee upon the employee's written request." O.R. at 182 (emphasis added). The regulation does not require that the appointing authority -- the City -- approve all requests for a leave of absence. Rather, the regulation commits the approval of an unpaid leave request to the sound discretion of the City. The Commission reviewed the City's actions regarding leave for abuse of discretion.

---

summary of the argument appears to identify additional errors related to the merits of the case, namely that the trial court erred by: substituting its judgment for that of the Commission, not reviewing the evidence in the light most favorable to Appellant; not considering that Appellant's physician had not cleared her to return to work; not considering substantial evidence presented at the Commission hearing; not considering the Commission's reasons for sustaining Appellant's appeal; and not providing an opinion on the merits. In support, Appellant's one-paragraph argument merely sets forth this Court's scope of review, nothing more. Appellant fails to cite authority, cite to the record, or otherwise develop her position.

[5] However, we note that Appellant was represented by counsel before the Commission and the trial court, but not in the appeal process.

"An abuse of discretion is more than merely an error of judgment." *Commonwealth v. Perrin*, 291 A.3d 337, 342 (Pa. 2023). Rather, it is "the result of an error of law or is manifestly unreasonable or the result of partiality, prejudice, bias, or ill-will." *Id.*; *accord Pennsylvania Turnpike Commission v. Electric Transaction Consultants Corp.*, 230 A.3d 548, 560 (Pa. Cmwlth. 2020). Acts of discretion will not be overturned "absent bad faith, fraud, capricious action[,] or abuse of power." *Fatool v. State Civil Service Commission (Danville State Hospital)*, 14 A.3d 919, 921 (Pa. Cmwlth. 2011). The challenger of a discretionary decision bears the heavy burden of proving an abuse of discretion by substantial evidence. *Commonwealth v. King*, 212 A.3d 507, 512 n.3 (Pa. 2019); *Application of Milton S. Hershey Medical Center of Pennsylvania State University*, 634 A.2d 159, 161 (Pa. 1993).

Here, although Appellant presented evidence regarding her work history and medical issues, she did not prove or even claim that the City abused its discretion in denying her leave request. Appellant did not allege that the City acted with partiality, prejudice, bias, or ill will, or articulate any legal basis upon which we could conclude that the City's denial of her leave request was arbitrary or capricious. The Commission based its decision upon the following mitigating factors: "Appellant was a longstanding City [] employee who was injured while working; Appellant worked with the work injury for one year before taking any time off due to the work injury; [and] she had an unblemished discipline and a perfect attendance record." O.R. at 206-07. However, the Commission also found that the City "acknowledged that accommodating Appellant's absence was challenging," albeit "not impossible." *Id.* at 207. The Commission then concluded that the City, by "failing to take into account the foregoing mitigating factors, . . . abused its

7

discretion in denying Appellant's unpaid leave of absence request." *Id.* However, these mitigating factors, while certainly worthy of consideration, do not support a conclusion that the City manifestly abused its discretion. The record is devoid of any evidence that the City acted with bad faith, fraud, partiality, prejudice, bias, or ill will or abused its power in denying Appellant's leave request. Rather, the evidence merely showed that the City exercised its managerial discretion based on its operating needs and the challenges posed by Appellant's absence. Thus, we conclude that the trial court properly reversed the Commission decision.

Accordingly, we affirm the trial court's order.

MICHAEL H. WOJCIK, Judge

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

In Re: City of Philadelphia          :
                                     :
From a Decision of:                  :
Philadelphia Civil                   : No. 167 C.D 2022
Service Commission                   :
(Robin Evers)                        :
                                     :
Appeal of: Robin Evers               :


# **O R D E R**


AND NOW, this 29th day of June, 2023, the order of the Philadelphia County Court of Common Pleas, dated January 21, 2022, is AFFIRMED.


_____

MICHAEL H. WOJCIK, Judge